UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14-cv-00074-JHM

DEREK SCHALL                                                                                          PLAINTIFF

v.

SUZUKI MOTOR OF AMERICA, INC.,
SUZUKI MOTOR CORPORATION,
and NISSIN KOGYO CO., LTD.                                                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Nissin Kogyo Co., Ltd.'s motion to dismiss for lack of personal jurisdiction. (DN 110.) Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff Derek Schall was injured in a motorcycle accident on July 19, 2013, in Daviess County, Kentucky. (Pl.'s Am. Compl. [DN 5] ¶ 39.) He alleges that the accident was caused by defects in the front brake master cylinder on the motorcycle, a 2007 Suzuki GSX-R600. (*Id.*) He has brought an action against Suzuki Motor Corporation ("SMC"), the manufacturer of the motorcycle; Suzuki Motor of America, Inc. ("SMA"), the importer of the motorcycle; and Nissin Kogyo Co., Ltd. ("Nissin"), the manufacturer of the front brake master cylinder, alleging strict products liability and negligence. (*Id.* at ¶ 41–52.)

Schall filed his amended complaint on July 18, 2014. (*Id.*) The summons for Nissin was returned executed on August 13, 2014, after Schall directed the Kentucky Secretary of State to send process to Nissin at its place of business in Japan via registered mail. (Summons [DN 13] at 1–3.) Nissin subsequently filed a motion to dismiss due to insufficient service of process and

a lack of personal jurisdiction. (DN 17.) However, Schall subsequently served Nissin via an international service processor. (*See* Order Appointing International Service Processor [DN 9] at 1.) After receiving process via the international service processor, Nissin filed an answer to the complaint on November 7, 2014, asserting a lack of personal jurisdiction as an affirmative defense. (Answer [DN 29] at 1.) However, it withdrew its motion to dismiss for insufficient service and lack of personal jurisdiction on January 21, 2015. (DN 41.)

Since that time, the parties have been engaged in discovery. Key events include the filing of a joint Rule 26(f) planning meeting report on April 29, 2015 (DN 49); the entry of a stipulated protective order on August 8, 2015 (DN 54); telephonic court proceedings on October 23, 2015, and January 29, 2016 (DN 61, 65); and the entry of an order amending the protective order on November 8, 2016, which was opposed by Nissin. (DN 85, 98). Schall further alleges that Nissin has participated in the litigation through making initial disclosures, responding to discovery requests, attending and participating in depositions, producing a corporate representative for deposition, requesting extensions of time to comply with discovery requests, and issuing subpoenas. (Pl.'s Resp. to Mot. to Dismiss [DN 111] at 4–6.) Nissin filed the present motion seeking dismissal for lack of personal jurisdiction on March 24, 2017. (DN 110.)

## II. STANDARD OF REVIEW

The party asserting personal jurisdiction has the burden of showing that such jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Personal jurisdiction is "[a]n essential element of the jurisdiction of a district . . . court" and without personal jurisdiction the court is "powerless to proceed to an adjudication." *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937). A federal court applies a two-step inquiry to determine whether it may exercise personal jurisdiction over a non-resident defendant: "(1) whether the law

of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). The district court's exercise of jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and the constitutional requirements of due process. *Id.* When a district court rules on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff need only make a "prima facie" case that the court has personal jurisdiction. *See, e.g.*, *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).

### III. DISCUSSION

In its motion to dismiss, Nissin argues that it lacks the necessary contacts with Kentucky to meet the requirements of the Kentucky long-arm statute or to comport with the Due Process Clause. Schall's response does not take issue with this argument; instead, it argues that Nissin has forfeited the defense of lack of personal jurisdiction by failing to timely move the Court for dismissal and participating in the litigation extensively for the past two-and-a-half years. By failing to respond to the merits of Nissin's personal jurisdiction argument, the Court will consider its opposition to the merits of Nissin's argument waived. *See Street v. U.S. Corrugated, Inc.*, 2011 WL 304568, at *8 (W.D. Ky. Jan. 25, 2011). Thus, the Court need only consider whether Nissin forfeited its personal jurisdiction defense.

The Sixth Circuit has sent mixed signals in recent cases on what constitutes forfeiture of a Rule 12 defense like personal jurisdiction. In *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011), the court noted that "personal jurisdiction is a due process right that may be waived either explicitly or implicitly . . . [as t]he actions of the defendant may amount to a legal submission to the jurisdiction of the court." *Gerber*, 649 F.3d at 518 (citing *Days Inn Worldwide, Inc. v. Patel*,

445 F.3d 899, 905 (6th Cir. 2006)). The court articulated the following rule governing forfeiture of a Rule 12 defense like personal jurisdiction:

> In deciding whether Defendants waived the personal jurisdiction defense, we must determine whether any of Defendants' appearances and filings in the district court constituted legal submission to the jurisdiction of the court. As an initial matter, we note that while the voluntary use of certain district court procedures serve as constructive consent to the personal jurisdiction of the district court, not all do. Only those submissions, appearances and filings that give Plaintiff a reasonable expectation that Defendants will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking, result in waiver of a personal jurisdiction defense.

*Id.* at 519 (quotations, citations, and brackets omitted). Subsequently, in *King v. Taylor*, 694 F.3d 650 (6th Cir. 2012), a case focused on the forfeiture of a deficient service defense rather than personal jurisdiction, the court cited much of the above language. However, it also noted that the decision on whether forfeiture has occurred is to be based on the "defendant's conduct prior to raising the defense," and that a court should "consider all of the relevant circumstances." *King*, 694 F.3d at 659. This language is inconsistent with *Gerber's* direction to only look to the defendant's "submissions, appearance and filings," as *Gerber* implies that those three actions are the only relevant events that are to be considered, whereas *King* seems to take into consideration the defendant's entire course of conduct throughout the litigation.

The differences between these two standards matter in this case, since, as will be discussed more fully, Nissin has made relatively few submissions, appearances, or filings, but its entire course of conduct throughout the litigation creates a more reasonable expectation that it would defend the suit on the merits.[1] Other district courts have noted that *Gerber* "discuss[es] .

---

[1] The Court does not need to engage with what is perhaps the larger disagreement within the Sixth Circuit that has arisen from *Gerber* and *King*: whether the entry of a general appearance waives a defense of personal jurisdiction, as the *Gerber* court held. While subsequent Sixth Circuit panels and district courts have not interpreted *Gerber* as

. . . other aspects of the litigation [that] would be entirely superfluous" if the court truly intended a limited standard for forfeiture. *Mattson v. Troyer*, 2016 WL 5338061, at *3 (N.D. Ohio Sep. 23, 2016). Other "cases following *Gerber* have declined to interpret it so narrowly[,] and require the consideration of all the relevant circumstances when determining waiver." *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 2014 WL 3615382, at *5 n. 4 (N.D. Ohio July 18, 2014) (compiling cases). Therefore, the Court will consider all of the relevant circumstances in deciding whether Nissin has waived the defense of personal jurisdiction, rather than just its submissions, appearances, and filings.

Based upon the allegations made by Schall in favor of forfeiture and the cases discussing the issue, the Court can divide "all the relevant circumstances" into three different categories: Nissin's participation in the suit, the length of time that has passed in the case, and any explicit indications by Nissin that it would or would not raise personal jurisdiction as a defense. First, Nissin's participation in this case has largely pertained to discovery matters. These matters are very similar to those in which the defendant in *King* participated:

> [The defendant] participated extensively in the litigation . . . in the following ways: [m]eeting with plaintiffs' counsel and then filing with the district court a joint report under Civil Rule 26(f)[;] [v]oluntarily participating in full discovery on the merits, including making initial disclosures under Rule 26(a), responding to written discovery requests from plaintiffs, giving his deposition, having counsel attend [other] depositions . . . and retaining . . . an expert witness and defending his deposition[;] [m]oving to amend the scheduling order . . . [;] [j]oining plaintiffs' request to extend discovery by sixty days . . . [;] [and a]ttending a status conference to discuss the progress of the action . . .

*King*, 694 F.3d at 660 (subdivisions omitted). The *King* court held that these acts were sufficient to find that the defendant had forfeited his insufficient service of process defense; however, in

---

creating a bright-line rule regarding general appearances, the Court need not weigh in on this matter, as Schall has not argued that Nissin made a general appearance in this case that would waive personal jurisdiction as a defense. The Court's review of the record also finds no entry of general appearance by Nissin.

doing so, the court noted that, "as between [insufficient service and personal jurisdiction defenses], it is relatively easier to find forfeiture of a service defense." *Id.* at 659. Other district court cases have held that similar participation in a case does not automatically lead to forfeiture of a personal jurisdiction defense. *E.g.*, *Betco Corp, Ltd. v. Peacock*, 2014 WL 809211, at *3–4 (N.D. Ohio Feb. 28, 2014) (even though defendants had engaged in initial disclosures, entered into a protective order, responded to discovery requests, retained experts, and participated in mediation efforts, they did not forfeit a personal jurisdiction defense by litigating these "preliminary matters," as they had "been steadfast" in objecting to personal jurisdiction and "articulated an intent to file a motion challenged personal jurisdiction"). *But see National Feeds, Inc. v. United Pet Foods, Inc.*, 118 F. Supp. 3d 972, 973–74 (N.D. Ohio 2015) (defendant's engagement in "extensive discovery and considerable motion practice" both gave reasonable expectation that defendant would litigate on merits and caused court to expend considerable resources).

Next, Nissin has waited over two years since withdrawing its initial motion to dismiss for insufficient service and lack of personal jurisdiction, and almost two and a half years since they were served by the international service processor. Time is an important consideration, as "defendants should raise such preliminary matters [like personal jurisdiction] before the court's and parties' time is consumed in struggle over the substance of the suit." *Gerber*, 649 F.3d at 522 n. 2 (Moore, J., concurring). In comparison, a two-month span between a defendant entering a suit and filing a motion to dismiss for lack of personal jurisdiction was not so long as to weigh in favor of forfeiture, *Mattson*, 2016 WL 5338061, at *3, but a three-year wait before filing a motion to dismiss strongly favored forfeiture of the defense. *National Feeds*, 118 F. Supp. 3d at 973–74.

Finally, Nissin has given two contradictory indications of its intent to litigate the issue of personal jurisdiction. It does assert personal jurisdiction as an affirmative defense in its answer. (DN 5.) However, "[a]sserting a Rule 12(b) defense in an answer does not preserve the defense in perpetuity. A defendant is required at some point to raise the issue by motion for the court's determination. Waiting too long to do so can forfeit the defense." *King*, 694 F.3d at 658 (quotations, citations, and brackets omitted). Thus, while Nissin did give some indication in its answer that it intended to assert a defense based on personal jurisdiction, this alone is not sufficient to preserve the issue throughout the litigation. Perhaps more significantly, though, Nissin withdrew its original motion to dismiss, which included personal jurisdiction as grounds for dismissal. (DN 17.) By withdrawing this motion and not refiling it for over two years, Nissin gave an indication that it did not intend to litigate personal jurisdiction. *Cf. Betco*, 2014 WL 809211, at *3–4 (no forfeiture when defendants "articulated an intent to file a motion challenging personal jurisdiction if their motion to transfer venue was denied").

Considering all of these factors, the Court concludes that Nissin has forfeited its personal jurisdiction defense, as its conduct gave Schall a reasonable expectation that it would defend the suit on the merits.[2] Nissin actively engaged in discovery, as it both participated in routine matters and litigated contested ones. It did this for over two years, and it withdrew an earlier motion to dismiss for lack of personal jurisdiction. Both *Gerber* and *King* require that the defendant create a "reasonable expectation" in the plaintiff that the case will be litigated on the merits, and Schall has shown that his expectation that Nissin was not pursuing a personal jurisdiction defense was reasonable. Given that "the spirit of Rule 12 . . . is to expedite and

---

[2] Nissin argues that its presence in the case has not caused the Court to expend any resources than what this case would have otherwise required. The Court agrees that Nissin's presence as one of multiple defendants all litigating the same issues has not unduly constrained the court's resources, but the standard is only whether the defendant created a reasonable expectation of merits litigation *or* caused the court to expend resources; only one must be shown.

7

simplify proceedings in the Federal Courts," *Gerber*, 649 F.3d at 522 (Moore, J., concurring), it was reasonable for Schall to expect that any Rule 12 defense would be raised early in the litigation. When, after two years since Nissin withdrew its original motion to dismiss, no new motion had been filed, it was reasonable to expect that the case would proceed to its merits. These events were sufficient to create a reasonable expectation that the defense had been forfeited; Schall need not wait for more definitive acts, such as the filing of a dispositive motion on the merits or an unequivocal declaration by Nissin that it is submitting to the Court's jurisdiction, since at that point, litigation on the merits is no longer an "expectation" but a reality. Schall's expectation was reasonable given Nissin's conduct during the case; as such, the personal jurisdiction defense has been forfeited. Therefore, the motion to dismiss is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Nissin's motion to dismiss (DN 110) is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

May 11, 2017

cc: counsel of record