UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14-cv-00074-JHM

DEREK SCHALL                                                                                    PLAINTIFF

v.

SUZUKI MOTOR OF AMERICA, INC.,
SUZUKI MOTOR CORPORATION,
and NISSIN KOGYO CO., LTD.                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Nissin Kogyo Co., Ltd.'s motion to certify the Court's May 11, 2017 Memorandum Opinion and Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (DN 117.) Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff Derek Schall was injured in a motorcycle accident on July 19, 2013, in Daviess County, Kentucky. (Pl.'s Am. Compl. [DN 5] ¶ 39.) He alleges that the accident was caused by defects in the front brake master cylinder on the motorcycle, a 2007 Suzuki GSX-R600. (*Id.*) He has brought an action against Suzuki Motor Corporation ("SMC"), the manufacturer of the motorcycle; Suzuki Motor of America, Inc. ("SMA"), the importer of the motorcycle; and Nissin Kogyo Co., Ltd. ("Nissin"), the manufacturer of the front brake master cylinder, alleging strict products liability and negligence. (*Id.* at ¶ 41–52.)

Schall filed his amended complaint on July 18, 2014. (*Id.*) Nissin originally filed a motion to dismiss due to insufficient service of process and a lack of personal jurisdiction. (DN 17.) However, after Schall served Nissin via an international service processor, Nissin withdrew

its motion to dismiss. (DN 41.) The parties then spent over two years engaged in discovery before Nissin filed a renewed motion to dismiss for lack of personal jurisdiction. (DN 110.) Schall opposed the motion on the grounds that Nissin had forfeited the defense by failing to raise it in a timely fashion. (DN 111.) The Court agreed that Nissin had forfeited the defense and denied the motion. (DN 116.) Nissin now seeks to immediately appeal the Court's decision and stay the case pending an appeal. (DN 117.)

## II. DISCUSSION

Nissin requests that this Court certify its ruling on personal jurisdiction for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). That statute states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . .

The Sixth Circuit has stated that § 1292(b) "confer[s] on district courts first line discretion to allow interlocutory appeals." *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 917 (S.D. Ohio 2013) (citing *Turi v. Main Street Adoption Servs., LLP*, 633 F.3d 496, 504 (6th Cir. 2011)). But this statute should only be used sparingly and in exceptional cases, *DRFP*, 945 F. Supp. 2d at 918, since, as "[a]ttractive as it may be to refer difficult matters to a higher court for advance decision, such a course of action is contrary to our system of jurisprudence." *United States ex rel. Elliot v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 863 (S.D. Ohio 2012) (citations omitted).

Pursuant to § 1292(b), Nissin must make three different showings for this Court to certify its prior order for immediate appeal: "(1) the order [must] involve[ ] a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). As to the first showing,

> [t]he Sixth Circuit has . . . set a low bar for a determination that a question of law is "controlling" in the context of a motion for certification under § 1292(b). "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Eagan v. CSX Transportation, Inc.*, 294 F.Supp.2d 911, 915 (E.D. Mich. 2003) . . .

*Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875–76 (E.D. Mich. 2012). Here, Nissin has met this standard. First, the issue that it seeks to appeal is a question of law, not fact; it challenges this Court's use of the standard articulated in *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012), for determining whether a Rule 12 defense has been waived, as opposed to the standard stated in *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011). Nissin does not challenge the Court's factual findings that were evaluated under the standard in *King* but rather whether the correct standard was applied, making the issue a purely legal one. And the issue of whether a personal jurisdiction defense has been forfeited is controlling, as the Court would be required to dismiss all claims against Nissin if it had presented a timely and meritorious motion to dismiss. Thus, the resolution of the issue could materially affect the outcome of the litigation. As such, Nissin has made the requisite showing.

Next, Nissin must demonstrate that a substantial ground for difference of opinion exists regarding the correctness of the decision. A "substantial ground for difference of opinion" can exist in four circumstances:

> when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question."

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)).

In its prior opinion, the Court held that *King*'s "all of the relevant circumstances" standard was the correct one for evaluating whether a Rule 12 defense had been forfeited, as opposed to the narrower standard in *Gerber* that only looks at a party's "submissions, appearances, and filings." *See King*, 694 F.3d at 659; *Gerber*, 649 F.3d at 519. This legal issue does not amount to one on which there is little precedent or guidance from previous decisions. The issue here is not that the Sixth Circuit has not spoken on the issue; rather, it is that the court has given somewhat conflicting standards in different decisions. Further, lower courts have interpreted the standards set forth in *Gerber* and *King*, some upon which this Court relied in determining that the *King* standard should apply. *E.g.*, *Mattson v. Troyer*, 2016 WL 5338061, at *3 (N.D. Ohio Sep. 23, 2016); *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 2014 WL 3615382, at *5 n. 4 (N.D. Ohio July 18, 2014). Additionally, for the reasons set forth above, the question is not of first impression, as both the Sixth Circuit and district courts have spoken on this issue. And Nissin has not argued that a split exists among the circuits.

However, there is at least a plausible case to be made that a difference of opinion exists within the Sixth Circuit on this issue. *Gerber* articulated the standard for forfeiture of a Rule 12 defense as follows:

> Only those submissions, appearances and filings that give Plaintiff a reasonable expectation that Defendants will defend the suit on the merits or must cause the court to go to some effort that would

4

> be wasted if personal jurisdiction is later found lacking, result in waiver of a personal jurisdiction defense.

*Gerber*, 649 F.3d at 519 (quotations and brackets omitted). A year later in *King*, the Sixth Circuit stated:

> We recently clarified the test for finding forfeiture of a personal-jurisdiction defense through conduct: we ask whether a defendant's conduct prior to raising the defense has given the plaintiff "a reasonable expectation" that the defendant will defend the suit on the merits or whether the defendant has caused the court to "go to some effort that would be wasted if personal jurisdiction is later found lacking." *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). We consider all of the relevant circumstances. *Hamilton*, 197 F.3d at 61.

*King*, 694 F.3d at 659. There are two notable differences between the *Gerber* and *King* standards. First, in quoting *Gerber*, *King* does not include *Gerber*'s list of "submissions, appearances, and filings," as it instead uses the more general term "conduct." And second, *King* includes the line regarding "all of the relevant circumstances," which is attributed to the Second Circuit's opinion in *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999). These changes at the very least interpret *Gerber* in an expansive manner. But in *Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016), a case pertaining in part to forfeiture of a personal jurisdiction defense, the Sixth Circuit quoted *Gerber* rather than *King* in stating that "a defendant waives its personal jurisdiction defense if 'submissions, appearances and filings . . . give [the p]laintiff a reasonable expectation that [the defendant] will defend the suit on the merits . . .'" Based on this lack of consistency, it is reasonable to view this line of cases as demonstrating that a difference of opinion exists within the Sixth Circuit as to what conduct should be examined when determining forfeiture.

But even if there is a substantial ground for difference of opinion, Nissin has not demonstrated that an immediate appeal will materially advance the termination of this litigation. "When litigation will be conducted in substantially the same manner regardless of the court's decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (quotations and brackets omitted). Nissin has not shown that, if it were permitted to appeal and were successful, this litigation would be substantially changed. While it is true that no claims would remain against Nissin if the Sixth Circuit were to determine that Nissin had not forfeited its personal jurisdiction defense, that would not change the manner in which the case will be litigated. First, "[i]nterlocutory appeal is most appropriate early in the proceedings. In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." *Newsome*, 873 F. Supp. 2d at 876. The present case has been pending for over two-and-a-half years, with fact discovery to close by August 26, 2017, and expert witness disclosures due from all parties in early November. (*See* Amended Scheduling Order [DN 113] at 2.) By waiting two years to renew its motion to dismiss, Nissin caused expenditures that it could have prevented had it acted in the timely fashion that is envisioned by Rule 12. *See* Fed. R. Civ. P. 12(h). An interlocutory appeal can only serve its purpose of avoiding "protracted and expensive litigation" if the original motion is made early enough in the case to make a substantial difference, and Nissin has not demonstrated that an interlocutory appeal at this stage would do that. *In re Regions Morgan Keegan ERISA Litigation*, 741 F. Supp. 2d 844, 848 (W.D. Tenn. 2010) (citations omitted).

In fact, Nissin's prior filings that explained why it had not forfeited its personal jurisdiction defense tend to show that a successful appeal by Nissin would not materially

6

advance this litigation. In its reply to its motion to dismiss (DN 115), Nissin refers to itself as a "'tag-a-long' defendant," as opposed to the "target defendants" that are presumably more material to the case. (Reply to Mot. to Dismiss [DN 113] at 11.) Nissin further stated that its

> participation in the case did not result in any additional cost or burden to Plaintiff. Plaintiff would have been required to litigate the same disputes against co-Defendant Suzuki, if Nissin was not a party. Additionally, if Nissin was dismissed from this case earlier, Plaintiff would have still requested the same information from Nissin that he obtained from Nissin through discovery. Plaintiff would have needed to obtain information from Nissin concerning development/testing of the brake components, the recall, Nissin's investigation of any issue in the brake components, and Nissin's post accident investigation.

(*Id.* at 14.) Essentially, Nissin argued previously that its *presence* in this case would materially advance the termination of the litigation, but it now argues that its *absence* will do just the same. (*See* Reply to Mot. to Certify for Interlocutory Appeal [DN 119] at 8.) The Court finds that Nissin's prior statements best reflect the current posture of this case: even if this Court grants Nissin's interlocutory appeal and it is successful in winning dismissal, Schall will still have identical claims remaining against the Suzuki defendants. At best, Nissin can only argue that an immediate appeal would materially advance the termination of this litigation *against itself*. Even if that is true, the purpose of an interlocutory appeal is to advance the termination of the litigation, and Nissin's request to stay the case so that it may appeal a ruling that only applies to it at this juncture does not serve that purpose. *See In re Regions Morgan Keegan ERISA Litigation*, 741 F. Supp. 2d at 851 ("Regardless of the resolution of the issue, a number of claims remain. Thus, it will be most efficient for the case to continue without an interlocutory appeal and a stay"). Therefore, the motion to certify the Court's prior opinion for an interlocutory appeal will be **DENIED**.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Nissin's motion to certify this Court's May 11, 2017 Memorandum Opinion and Order for interlocutory appeal (DN 117) is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 11, 2017

cc: counsel of record