UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:14CV-00074-JHM

DEREK SCHALL                                                                                            PLAINTIFF

vs.

SUZUKI MOTOR OF AMERICA, INC.;
SUZUKI MOTOR CORPORATION; and
NISSIN KOGYO CO., LTD.,                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Derek Schall's motion, pursuant to Fed. R. Civ. P. 1, 26, and 30(b)(6), to reopen the depositions of corporate representatives for Defendants, Suzuki Motor of America, Inc. ("SMAI") and Suzuki Motor Corporation ("SMC"), due to newly produced documents (DN 121). SMAI and SMC have filed an objection to the motion (DN 123), and Schall has filed a reply (DN 125). The motion stands submitted to the undersigned for ruling.

### Background

Schall filed his complaint on July 17, 2014 (DN 1) and his amended complaint on July 18, 2014 (DN 5). Schall asserts that he owned and operated a 2006 Suzuki motorcycle, model GSX-R600, equipped with a front brake master cylinder determined to be defective by SMC and SMAI (DN 5 ¶ 6, 38, 39). Specifically, he contends that the brake piston was insufficiently surface treated and this led to corrosion which, in turn, generated hydrogen gas which impaired the function of the brake system (Id. ¶ 27-29, 38). Schall claims that due to this defect in the motorcycle's front master brake cylinder he was unable to stop and was involved in

a single-vehicle collision in which he sustained serious physical injuries (Id. ¶ 7, 39). Schall brought this action alleging strict products liability and negligence against SMC, the manufacturer of the motorcycle; SMAI, the importer of the motorcycle; and Nissin Kogyo Co., Ltd., the manufacturer of the front brake master cylinder (Id. ¶ 41-52).

As a result of procedural and jurisdictional motion practice, the undersigned did not issue a scheduling order until May 29, 2015 (DN 52). Schall served initial written discovery on June 1, 2016 (DN 121 PageID # 1529). He issued initial Rule 30(b)(6) deposition notices to SMAI and SMC on July 1, 2015 (Id.). The actual scheduling of those depositions were delay by litigation over the location of SMC's corporate representative deposition and scheduling issues concerning the availability of SMAI's representatives (Id.). In August 2015, SMAI and SMC produced documents in response to Schall's initial written discovery (Id.). SMAI made additional document productions in September, November, and December 2015 (Id.). During this time frame, SMC apparently produced over 131,000 Japanese language documents, including emails (Id.).

Schall took the depositions of SMAI's corporate representatives, Mark Eastman and Steve Muthig, on February 10 and 11, 2016, respectively. Schall took the deposition of SMC's corporate representative, Yoshinobu Matsumoto, on March 9, 2016.

There appears to be no dispute that Schall received six categories of documents from SMAI and SMC in the months following the corporate representative depositions.

Specifically: (1) SMAI produced the post July 2013 "Siebel" reports[1]; (2) SMAI produced unredacted versions of the 97 "Siebel" reports that were generated through July 2013 and previously produced in redacted form; (3) SMAI produced the AIQ questionnaires[2]; (4) SMAI and SMC produced quality control guidelines and policies and procedures addressing the investigation of accidents and disclosure of a defect to SMC; (5) SMAI produced 1,169 emails containing information about other similar incidents; and (6) SMC produced 54 documents selected by Schall for translation from Japanese to English language, as a resolution of an outstanding discovery dispute involving the thousands of Japanese language documents produced by SMC (DN 121 PageID # 1527-34; DN 123 PageID # 1620).

Arguments

1. Schall's Argument

Citing the standard articulated in Smith v. Old Dominion Freight Line, Inc., No. 3:15-CV-560-CRS, 2017 U.S. Dist. LEXIS 82606 (W.D. Ky. May 31, 2017), Schall asserts that courts should reopen the corporate representative deposition if the material is not duplicative of prior testimony, there is no less burdensome means of obtaining the discovery, and the discovery is relevant and proportional under Fed. R. Civ. P. 26 (DN 121 PageID # 1526-27). Schall explains that he seeks to take testimony from SMAI and SMC's corporate representatives about specific factual issues identified in the subsequently produced materials (Id. PageID # 1527). Schall asserts that obtaining testimony from a corporate representative is the most efficient way to

---

[1] The "Siebel" reports reflect instances when customers and dealers reported issues with the Suzuki GSX-R motorcycle front brakes to Americans Suzuki motor Corporation ("ASMC") and, subsequently, SMAI (DN 121 PageID # 1530).

[2] Sworn and notarized questionnaires called "AIQs" were completed and returned by customers who had crashes related to the failure of the front brakes on their Suzuki GSX-R motorcycles (Id.).

3

obtain this information, and in fact the only way to bind SMAI and SMC while learning details about certain general documents involving multiple parties to avoid individual deponents' claims of lack of knowledge (Id.). According to Schall, many of the subsequently produced documents are textbook examples of why the Rule 30(b)(6) process was created, including undated or otherwise unidentified general PowerPoints and policy and procedure documents that only a corporate representative can adequately address as well as reports concerning other similar incidents involving multiple corporate individuals (Id.). Schall contends that the documents are highly relevant to this product liability litigation (Id.).

Schall asserts that requiring SMAI and SMC to prepare corporate representatives on these documents and this information is also proportional (Id.). He contends that had SMAI and SMC timely produced these materials, he would have had the right to question their corporate representatives about the documents during their depositions (Id.). Schall argues that SMAI and SMC should not benefit from their unilateral decision to withhold these documents until after the corporate representative depositions (Id.).

Schall contends that if the Court does not reopen the Rule 30(b)(6) depositions for this limited purpose, he will never have an opportunity to question a corporate representative and obtain binding testimony about these key documents prior to trial (Id.). Moreover, Schall asserts that he needs these depositions to obtain foundational information about this evidence concerning its potential admissibility at trial (Id.).

2. SMAI and SMC's Response

Citing Rule 30(a)(2)(A)(ii), SMAI and SMC argue that the Court should not grant leave to reopen the depositions of their corporate representatives as it would be inconsistent with Rule

26(b)(2)(C)(i) and (ii) (DN 123 PageID # 1618-20). They contend that Schall's request for a second opportunity to question an SMC corporate representative should be denied because SMC offered Schall a second day of testimony and he declined, instead agreeing to serve an additional set of interrogatories[3] (Id.). Additionally, they point out that SMC does not have a witness knowledgeable about the AIQs, Siebel reports, SMAI email, and SMAI procedure manual because those are SMAI documents (Id. PageID # 1621-24). SMAI and SMC assert that Schall can more efficiently obtain information about SMC's procedure manual through interrogatories and requests for production (Id. PageID # 1624). They contend that SMC should not be punished because Schall had ample opportunity to translate the documents in Japanese before conducting the SMC corporate representative deposition (Id. PageID # 1624-26).

SMAI and SMC argue any deposition testimony of SMAI's corporate representative about the AIQs would be cumulative and inconsistent with Rule 26(b)(2)(C) because Schall deposed Messrs. Malyszek and Quiroga, members of the SMAI mediation department[4], on November 29, 2016 (Id. PageID # 1626-27). They assert that Schall should have postponed the deposition of SMAI's corporate representative until the Court ruled on whether SMAI should produce unredacted Siebel reports (Id. PageID # 1627). SMAI and SMC assert that deposing SMAI's corporate representative about the post July 2013 Siebel reports would be cumulative and unnecessary because Schall addressed these Siebel reports when he deposed SMAI TSM Chris McDonald on March 14, 2017 (Id. PageID # 1627). They assert that deposing SMAI's corporate representative about subsequently produced SMAI email would be burdensome and

---

[3] SMAI and SMC also point out the substantial expense SMC incurred as a result of its native Japanese speaking corporate representative, Mr. Matsumoto, traveling from Thailand to California and participating in the deposition (DN 123 PageID # 1620-21).

[4] SMAI mediation department is responsible for the AIQ process, policies, communication, in fact gathering (DN 123 PageID # 1626).

5

unnecessarily cumulative under rule 26(b)(2)(C) because Schall chose not to attend the 2017 depositions of Messrs. Muthig and Kudo in the *Johns* and *Winckler* cases (Id. PageID # 1627-28). SMAI and SMC contend that additional questions about the subsequently produced SMAI manuals would be unnecessarily burdensome, cumulative of Mr. Muthig's prior testimony (February 11, 2016) in this case[5], and not proportional (Id. PageID # 1628). Additionally, they point out that SMAI does not have a witness knowledgeable about the translated 54 Japanese language documents because those are SMC documents and as a subsidiary SMAI is not required to acquire the knowledge of its parent company to prepare for a 30(b)(6) deposition (Id.).

3. Schall's Reply

Schall argues his motion should be granted because SMAI and SMC concede that the appropriate legal standard is set forth in Smith; SMAI and SMC do not dispute that they withheld documents he requested prior to the 30(b)(6) depositions and directly related to topics identified in his 30(b)(6) notices; and SMAI and SMC do not dispute that many of the documents are textbook examples of why the corporate representative deposition process was created (DN 125 PageID # 1689-91). Schall contends that these concessions by SMAI and SMC establish both his need for the additional testimony and the grounds for permitting the reopening of the corporate representative depositions (Id. PageID # 1691). Schall submits that he should be permitted to depose a corporate representative of both SMAI and SMC concerning their independent knowledge of the contents of these documents because of the relevant nature of the materials and the fact that they were not produced until after the corporate representative depositions occurred (Id. PageID # 1691-92).

---

[5] SMAI and SMC point out that Mr. Muthig, in addition to being SMAI's 30(b)(6) designee, was also a member of ASMC and later SMAI's quality assurance department for many years (DN 123 PageID # 1628).

Schall argues his agreement to limit SMC's 30(b)(6) deposition to one day and submit additional written discovery about certain testing details should not bar his ability to re-open the deposition based on newly produced documents concerning policies, other similar incidents, and a limited subset of translated documents (Id. PageID # 1692-93). Schall asserts that SMAI and SMC's position--a reopening of the depositions is not necessary because some SMAI fact witnesses testified about the AIQs, Siebel reports, and SMAI emails--ignores the requirement that a corporation educate and prepare a 30(b)(6) witness to testify about the identified subjects and, unlike a fact witness, that their testimony is binding on behalf of the Corporation (Id. PageID # 1693-95). Schall contends that SMC should be required to produce a 30(b)(6) witness to testify as to its own policies governing the investigation of the defect and disclosure of the defect because its corporate representative previously testified that he was unaware such policies existed and because of its role and involvement in developing and approving SMAI's policies on this issue (Id. PageID # 1696). Schall indicates that SMC should be required to produce a corporate representative witness concerning the 54 translated documents because many of the issues with the Japanese language documents became apparent shortly before Mr. Matsumoto's deposition and discovery was closing shortly under the then-existing scheduling order (Id. PageID #1696-97).

Schall argues that SMAI should be required to produce a corporate representative to testify about the subsequently produced documents because no corporate representative from SMAI has ever testified about the AIQs (Id. PageID # 1697-99). Schall points out that Mr. Muthig was an inadequately prepared corporate representative because he only read a few of the Siebel reports, did not talk to any of the dozen other employees involved in the investigations, and did not review any summaries of the materials (Id.). Additionally, because Messrs.

Malyszek and Quiroga testified about the AIQs as fact witnesses, they lacked adequate knowledge and specific facts about the reports in order to completely address the issues and specific facts about the reports (Id.).  Further, Schall points out that Mr. McDonald testified about the post-July 2013 Siebel reports as a fact witness, not SMAI's corporate representative (Id.).  Schall contends that only SMAI's corporate representative can provide testimony about the policy governing the method of communication between SMAI and SMC about the brake failure reports (and all other safety incidents) that SMAI received as well as the undated PowerPoints (Id.).  Schall contends that contrary to SMAI and SMC's assertion the burden was not on him to postpone the long scheduled corporate representative depositions until every document issue was resolved, rather the burden was on them to seek a protective order and challenge the discovery prior to those depositions (Id. PageID # 1699).  Schall asserts that the complexity of the search for emails may explain why these documents were produced after the corporate representative depositions, but it does not explain why SMAI should not have to produce a corporate representative to testify about relevant emails related to key topics in the case (Id. PageID # 1699-1700).

<u>Applicable Standard</u>

In pertinent part, Rule 30 directs that if a "deponent has already been deposed in the case" then the party "must obtain leave of court" to resume the deposition.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  Further, the Rule indicates that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)[.]"  Id.

Rule 26(b)(1) of the Federal Rules of Civil Procedure guides the evaluation of any discovery request.  The Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case. . ." Fed. R. Civ. P. 26(b)(1). In assessing whether the discovery is "proportional to the needs of the case," courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.; Advisory Committee Notes 2015 Amendment. The Rule also directs that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Rule 26(b)(2) addresses limitations on the frequency and extent of discovery. There are three subparts to the Rule. Subpart (b)(2)(A) provides courts with the discretion to alter the limits in Rule 30 on the number and length of depositions, and the limits in Rules 34 and 36 on the number of interrogatories and requests for admissions. Subpart (b)(2)(B) addresses limitations on the discovery of electronically stored information when a party shows that the information is not reasonably accessible because of undue burden or cost. These two Subparts do not apply to this discovery dispute. By contrast, Subpart (b)(2)(C) will play an important role in addressing the arguments of the parties. Specifically, this Subpart reads as follows:

> **(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Rule 30 addresses depositions by oral examination. Subpart (b)(6) sets forth the substantive rule that applies to depositions of corporate representatives. Specifically, the Subpart reads as follows:

> **(6) *Notice or Subpoena Directed to an Organization*.** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

The testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation, not the individual witness, and thus the testimony of a Rule 30(b)(6) witness is different from that of a "mere corporate employee;" the Rule 30(b)(6) witness does not give his own personal opinions but instead presents the corporation's "position" on the topic. Richardson v. Rock City Mech. Co., LLC, No. 3-09-0092, 2010 WL 711830, at *6 (M.D. Tenn. Feb. 24, 2010) (citation omitted). When a corporation is served with a notice of a Rule 30(b)(6) deposition, it is obligated to produce a witness or witnesses knowledgeable about the subject or subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation. Pogue v. Northwestern Mut. Life

Ins. Co., No. No. 3:14-CV-598-CRS, 2017 WL 3044763, at *8 (W.D. Ky. July 18, 2017) (citations omitted). A Rule 30(b)(6) designee must be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation. Id. (citations omitted). Thus, such a designee has a duty to reasonably obtain information from corporate documents, current or prior corporate employees, or any other sources reasonably available to the corporation. Id. (citations omitted). Notably, a Rule 30(b)(6) witness is not expected to perform with absolute perfection, and the inability of such a witness to answer every question on a particular topic does not necessarily mean that the corporation failed to comply with its obligations under the Rule. Id. (citations omitted).

## Discussion

1. SMAI

As previously mentioned, Schall brought this action alleging strict products liability and negligence against SMAI, the importer of the motorcycle (DN 5 ¶ 41-52). Schall took the depositions of SMAI's corporate representatives, Messrs. Eastman and Muthig, on February 10 and 11, 2016. In the months following these Rule 30(b)(6) depositions, SMAI produced to Schall the following categories of documents: (1) the post July 2013 Siebel reports; (2) unredacted versions of the 97 Siebel reports previously produced in redacted form; (3) the AIQ questionnaires; (4) quality control guidelines and policies and procedures addressing the investigation of these accidents and disclosure of the defect to SMC; and (5) 1,169 emails containing information about other similar accidents.

The Court concludes that Schall should be permitted to reopen the Rule 30(b)(6) deposition with regard to all five categories of documents. Testimony by SMAI's

11

corporate representative about each category of documents is relevant, within the meaning of Rule 26(b)(1), to Schall's strict liability and negligence claims.

Obtaining testimony from SMAI's corporate representative about the post July 2013 Siebel reports, the unredacted versions of the 97 Siebel reports, and the AIQ questionnaires is proportional to the needs of the case because the burden and expense incurred by SMAI is outweighed by its importance to Schall's negligence claim regarding SMAI's evaluation of complaints about the defect and the timeliness of its notice of the defect to Suzuki distributors, the national Highway Transportation Safety Administration, and owners of the affected motorcycles. *See* Fed. R. Civ. P. 26(b)(1). With regard to Rule 26(b)(2)(C)(i), the information Schall seeks about the Siebel reports and AIQ questionnaires is not unreasonably cumulative or duplicative, nor can it be obtained from some other source that is more convenient, less burdensome, or less expensive.

As to both sets of the Siebel reports, Rule 26(b)(2)(C)(ii) does not provide SMAI relief here because they were produced after the Rule 30(b)(6) deposition occurred. True, Schall deposed Mr. McDonald after the documents were produced. However, as Schall aptly points out, Mr. McDonald testified as a fact witness and, as a result, the information he provided was limited to his own personal knowledge, as opposed to the knowledge of the corporation. Moreover, in contrast to a Rule 30(b)(6) witness, SMAI was under no obligation to ensure that Mr. McDonald was educated about the Siebel reports to the extent that the requested knowledge was reasonably available to SMAI. Further, the Court declines SMAI's invitation to apply the distorting effects of hindsight to Schall's decision to proceed with the Rule 30(b)(6)

deposition rather than wait for resolution of the discovery dispute over production of unredacted versions of the 97 Siebel reports.

With regard to the AIQ questionnaires, Rule 26(b)(2)(C)(ii) does not provide SMAI with any relief because it produced the documents months after Schall deposed SMAI's corporate representative, Mr. Muthig. Additionally, while Schall deposed Messrs. Malyszek and Quiroga after the document production, they testified as fact witnesses and, as a result, the information they provided was limited to their own personal knowledge, as opposed to the knowledge of the corporation. Moreover, in contrast to a rule 30(b)(6) witness, SMAI was under no obligation to ensure that Messrs. Malyszek and Quiroga were educated about the AIQ questionnaires to the extent that the requested knowledge was reasonably available to SMAI.

Obtaining testimony from SMAI's corporate representative about the fourth category of documents[6] is proportional to the needs of the case because the burden and expense incurred by SMAI is outweighed by its importance to Schall's negligence claim regarding SMAI's evaluation of complaints about the defect and the information it provided to SMC. *See* Fed. R. Civ. P. 26(b)(1). With regard to Rule 26(b)(2)(C)(i), the information Schall seeks about SMAI's policies is not unreasonably cumulative or duplicative, nor can it be obtained from some other source that is more convenient, less burdensome, or less expensive. The Court acknowledges that Mr. Muthig identified a policy during his testimony. However, Rule 26(b)(2)(C)(ii) does not provide SMAI relief here because Schall's ability to conduct a probing examination was hamstrung by the policy not having been produced. Further, it seems unlikely that SMAI would have

---

[6] Specifically, the documents that address the quality control guidelines and policies and procedures addressing the investigation of these accidents and disclosure of the defect to SMC.

13

adequately prepared Mr. Muthig to be a 30(b)(6) witness regarding policies and procedures it did not produce to Schall until months later. Moreover, Schall has indicated that his attempts to get information about the policy and the PowerPoint from a SMAI fact witness proved fruitless. Clearly, Schall is entitled to testimony from a Rule 30(b)(6) witness who is educated about this material and speaks on behalf of SMAI.

Obtaining testimony from SMAI's corporate representative about the 1,169 emails containing information about other similar accidents is proportional to the needs of the case because the burden and expense incurred by SMAI is outweighed by its importance to Schall's negligence claim regarding SMAI's evaluation of complaints about the defect and the information it provided to SMC. With regard to Rule 26(b)(2)(C)(i), the information Schall seeks about the 1,169 emails is not unreasonably cumulative or duplicative, nor can it be obtained from some other source that is more convenient, less burdensome, or less expensive. Further, Rule 26(b)(2)(C)(ii) does not provide SMAI relief here because there is no indication that Schall had ample opportunity to obtain information regarding these emails through other discovery in this action. Moreover, in contrast to a rule 30(b)(6) witness, SMAI is under no obligation to ensure that a fact witness is educated about the emails to the extent that the requested knowledge was reasonably available to SMAI.

2. SMC

As previously mentioned, Schall brought this action alleging strict products liability and negligence against SMC, the manufacturer of the motorcycle (DN 5 ¶ 41-52). Schall took the deposition of SMC's corporate representative, Mr. Matsumoto, on March 9, 2016. Of the six categories of documents identified above, SMC produced to Schall the following categories of

14

documents: (4) quality control guidelines and policies and procedures addressing the investigation of the accidents and disclosure of the defect to SMC; and (6) 54 documents selected by Schall for translation from Japanese to English language, as a resolution of an outstanding discovery dispute involving the thousands of Japanese language documents produced by SMC.

The Court concludes that Schall should be permitted to reopen the Rule 30(b)(6) deposition with regard to both categories of documents.[7] Clearly, testimony by SMC's corporate representative about each category of documents is relevant, within the meaning of Rule 26(b)(6), to Schall's strict liability and negligence claims.

Obtaining testimony from SMC's corporate representative about the first category of documents is proportional to the needs of the case because the burden and expense incurred by SMC is outweighed by its importance to Schall's negligence claim regarding SMC's evaluation of complaints about the defect and the information it received from SMAI. With regard to Rule 26(b)(2)(C)(i), the information Schall seeks about SMC's policies is not unreasonably cumulative or duplicative, nor can it be obtained from some other source that is more convenient, less burdensome, or less expensive. In reaching this conclusion, the Court notes that SMC does not dispute that its corporate representative indicated he was unaware of policies and procedures governing the investigation of the defect and disclosure of the defect. Further, while interrogatories may provide an adequate basis to develop a working understanding about SMC's policies and procedures, deposing a Rule 30(b)(6) witness will provide

---

[7] In reaching this conclusion, the Court declines SMC's invitation to apply the distorting effects of hindsight to Schall's decision to limit the Rule 30(b)(6) deposition to one day. Clearly, he did not at that time have the benefit of the knowledge that he now has because SMC produce the material at issue after he made his decision and conducted the deposition.

Schall with the ability to tailor probing questions in response to the witness' answers to previous questions. Rule 26(b)(2)(C)(ii) does not provide SMC relief here because Schall's ability to conduct a probing examination was hamstrung by the material not having been produced and Mr. Matsumoto being unprepared for examination regarding the corporation's policies and procedures. Clearly, Schall is entitled to testimony from a Rule 30(b)(6) witness who is educated about this material and speaks on behalf of SMC.

Obtaining testimony from SMC's corporate representative about the 54 documents selected by Schall for translation from Japanese to English language is proportional to the needs of the case because the burden and expense incurred by SMC is outweighed by its importance to Schall's strict liability and negligence claims. With regard to Rule 26(b)(2)(C)(i), the information Schall seeks about these translated documents is not unreasonably cumulative or duplicative, nor can it be obtained from some other source that is more convenient, less burdensome, or less expensive. Rule 26(b)(2)(C)(ii) does not provide SMC relief here because Schall's ability to conduct a probing examination was hamstrung by the material's not having been translated prior to Mr. Matsumoto's deposition. Further, the Court declines SMAI's invitation to apply the distorting effects of hindsight to Schall's decision to proceed with the Rule 30(b)(6) deposition rather than wait for resolution of the discovery dispute over translations of the documents. Clearly, Schall is entitled to testimony from a Rule 30(b)(6) witness who is educated about this material and speaks on behalf of SMC.

ORDER

**IT IS HEREBY ORDERED** that Schall's motion for leave to reopen the depositions of corporate representatives for SMAI and SMC (DN 121) is **GRANTED**.

**IT IS FURTHER ORDERED** that SMAI and SMC shall produce prepared and knowledgeable corporate representatives to testify about the documents identified above.

**IT IS FURTHER ORDERED** that the Rule 30(b)(6) depositions shall occur **no later than December 15, 2017**.

**IT IS FURTHER ORDERED** that the fact discovery deadline is extended to **December 18, 2017** for the limited purpose of completing these Rule 30(b)(6) depositions.

Copies:    Counsel