UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14-cv-00074-JHM

DEREK SCHALL                                                                                       PLAINTIFF

v.

SUZUKI MOTOR OF AMERICA, INC.,
SUZUKI MOTOR CORPORATION,
and NISSIN KOGYO CO., LTD.                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on an objection by defendant Suzuki Motor Corporation ("SMC") to Magistrate Judge Brennenstuhl's Memorandum Opinion and Order entered November 21, 2017. (Order at DN 135, Objection at DN 137.) Plaintiff Derek Schall has filed a response in opposition to the objection (DN 140), which SMC has moved to strike. (DN 141.) These matters are ripe for decision.

### I. BACKGROUND

Plaintiff Schall was injured in a motorcycle accident on July 19, 2013, in Daviess County, Kentucky. (Pl.'s Am. Compl. [DN 5] ¶ 39.) He alleges that the accident was caused by defects in the front brake master cylinder on the motorcycle, a 2007 Suzuki GSX-R600. (*Id.*) He has brought an action against Suzuki Motor Corporation ("SMC"), the manufacturer of the motorcycle; Suzuki Motor of America, Inc. ("SMA"), the importer of the motorcycle; and Nissin Kogyo Co., Ltd. ("Nissin"), the manufacturer of the front brake master cylinder, alleging strict products liability and negligence. (*Id.* at ¶ 41–52.)

On March 9, 2016, Schall deposed Mr. Yoshinobu Matsumoto, the individual designated as SMC's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). Mr. Matsumoto was

unable to testify as to certain "policies and procedures governing the investigation . . . and disclosure of the defect." (Order Grant. Mot. To Compel [DN 127] at 15.) Subsequently, SMC disclosed documents to Schall related to these policies and procedures that had not been included in prior discovery disclosures. Schall moved the Court to reopen the deposition of a corporate representative of SMC so as to ask questions regarding these newly disclosed documents. (DN 121.) On September 13, 2017, the Magistrate Judge granted the motion to compel additional testimony from SMC's corporate representative. (DN 127.) Following this, SMC moved for the entry of a protective order so as to require the deposition to take place in Japan, SMC's principal place of business, as opposed to in California, where Mr. Matsumoto had originally been deposed and where Schall intended to hold the second deposition. (DN 132.) The Magistrate Judge denied the motion for a protective order. (DN 135.) SMC has objected to that order (DN 137), and Schall has filed a response in opposition to the objection (DN 140) that SMC has moved to strike. (DN 141.)

## II. STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. The district court reviews an order by a magistrate judge on a non-dispositive matter under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## III. DISCUSSION

### A. MOTION TO STRIKE

The Court will **GRANT** SMC's motion to strike Schall's response. While the response acknowledges that Local Rule 72.2 does not permit responses to objections to a magistrate judge's order on a non-dispositive issue without authorization by the Court, Schall submitted a

response "in an abundance of caution" due to SMC's request in its objection for entry of a protective order. Even though SMC restates the relief it seeks in its objection, that does not transform its objection into a new motion that requires a response. Therefore, the Court will not consider Schall's response, and it is to be stricken from the record.

### B. Objection to Magistrate Judge's Order

The Court construes SMC's objection as consisting of two distinct arguments. First, it argues that the Magistrate Judge's factual conclusion that SMC engaged in discovery misconduct by failing to make certain disclosures prior to Mr. Matsumoto's first deposition was clearly erroneous. And second, it contests the legal conclusion that Schall has demonstrated sufficient "special circumstances" to justify the denial of the protective order. The Court will address each in turn.

#### 1. Finding of Discovery Misconduct

At multiple points, the order references misconduct on the part of SMC in failing to disclose documents before Mr. Matsumoto's first deposition and failing to adequately prepare him to discuss certain topics that were noticed by Schall for discussion in the deposition. (*See* DN 135, at 10–11.) SMC argues that this factual conclusion is clearly erroneous, as it never engaged in any discovery misconduct. The Court rejects this argument for two reasons.

First, this argument has been waived by SMC's failure to object to the same finding that was made in the Magistrate Judge's order reopening the deposition of SMC's corporate representative. In his September 13, 2017 order, the Magistrate Judge ordered that SMC produce a corporate representative for further questioning regarding SMC's policies and procedures for investigating accidents and disclosing product defects. (DN 127, at 15–17.) He ordered this because "Schall's ability to conduct a probing examination [during the first deposition] was

hamstrung by the material not having been produced and Mr. Matsumoto being unprepared for examination regarding the corporation's policies and procedures." (*Id.* at 16.) No objection was raised as to this order. The Magistrate Judge has made the same conclusion in his order denying the protective order, but only now does SMC object.

When a party fails to object to the findings of the magistrate, the party waives the right to appeal that finding. *Sherwood v. Tenn. Valley Auth.*, 2013 WL 2147180, at *1 (E.D. Tenn. May 16, 2013) ("Failure to appeal a magistrate judge's order to the district court pursuant to [Fed. R. Civ. P. 72(a)] waives the claim that the magistrate judge erred") (quoting *Pinkerton's Inc. v. Shelly Pinkerton Corp.*, 191 F.3d 453, at *4 (6th Cir. 1999) (Table)). Here, the Magistrate Judge found in his September 13 order that SMC had failed to provide a corporate representative who could testify as to all the items that were included in the deposition notice, and SMC did not object. Thus, they have waived the argument that the same conclusion in the November 21 order was clearly erroneous.

Second, even if they had not waived the argument, the finding is not clearly erroneous. SMC argues that it engaged in no misconduct, as Mr. Matsumoto was prepared to testify as to all topics that had been noticed. But the deposition notice indicates that SMC was expected to produce a corporate representative who could discuss SMC's policies and procedures regarding the investigation of accidents and the disclosure of product defects, which the parties agree Mr. Matsumoto was unable to do. The deposition notice provided to SMC indicated that its corporate representative would be expected to testify as to the following:

> 15. The Recall and Recall Notice. This includes the measures, guidelines, policies and procedures used by you to determine whether a product or part is defective and initiate a recall, including the factors considered as part of your determination and the authorizations necessary to declare a part or product defective and initiate a recall.

4

(Dep. Notice [DN 138] at 283 ¶ 15.) SMC argues that, "[b]ased on previous discovery requests from Plaintiff, SMC understood this topic related to what [SMA]'s policies and procedures concerning investigating incidents would provide to SMC on this issue, and Mr. Matsumoto was prepared to testify as to SMC's expectations in this regard." (DN 137, at 6.) Even if this was SMC's understanding, the deposition notice includes the following relevant definition:

> 1. "You", "Your", and "SMC" shall refer to Defendant Suzuki Motor Corporation and all of its brands, agents, attorneys, representatives, servants, employees, executives, directors, subsidiaries, parents, domestic and foreign affiliates, divisions, predecessors, successors, and all entities and/or individuals under its control or in which it has an interest, individually or collectively. This includes all foreign entities affiliated with SMC that design, manufacture, test, export, import, sell, or distribute motorcycles in countries other than the United States.

(Dep. Notice [DN 138] at 277 ¶ 1.) Thus, when the deposition notice sought testimony on "policies and procedures used by *you*," it undoubtedly sought testimony on SMC's policies and procedures, not just its understanding of SMA's policies and procedures. Based on this evidence, SMC was obliged to present a corporate representative who could testify knowledgeably about its policies and procedures for investigating defects and disclosing defects. The parties agree that SMC failed to do this. Therefore, the Magistrate Judge's finding that SMC engaged in discovery misconduct by failing to produce such a witness in the first instance is not clearly erroneous, and the objection to this finding is **OVERRULED**.

## 2. DEMONSTRATION OF SPECIAL CIRCUMSTANCES

Next, SMC objects to the Magistrate Judge's conclusion that Schall had demonstrated sufficient special circumstances to justify the denial of a protective order. The Magistrate Judge's order identifies two relevant presumptions: first, that a Rule 30(b)(6) deposition should be taken at the corporation's principal place of business, and second, that good cause exists for a

protective order if the deposition is noticed for some other location. *Davis v. Hartford Life & Accident Ins. Co.*, 2016 WL 3843478, at *3 (W.D. Ky. July 13, 2016); *Pogue v. Nw. Mut. Life Ins. Co.*, 2016 WL 2343898, at *3 (W.D. Ky. May 2, 2016). Schall has noticed the deposition for California, rather than SMC's principal place of business in Japan. Therefore, he has the burden of demonstrating "special circumstances" to rebut the presumption that a protective order should be entered so as to require the deposition to take place in Japan. *Davis*, 2016 WL, 3843478, at *3–4.

The Magistrate Judge noted that three factors are generally considered when determining if special circumstances exist: cost, convenience, and litigation efficiency. *See Cassidy v. Teaching Co., LLC*, 2014 WL 4377843, at *2 (S.D. Ohio Sep. 4, 2014). SMC argues that none of the factors rebut the presumption in favor of a protective order. However, the Court finds that the Magistrate Judge appropriately applied each factor and that his decision to deny the protective order was not contrary to law.

As to cost, the Magistrate Judge found that the high costs associated with particularized requirements of taking a deposition in Japan weighed in favor of denying the protective order. The order details over $2000 in expenses related to taking a deposition in Japan beyond travel costs.[1] These costs have been considered by other courts as a relevant factor in deciding whether a deposition should take place in Japan or some other location. *See Yaskawa Elec. Corp. v. Kollmorgen Corp.*, 201 F.R.D. 443, 445 (N.D. Ill. 2001) (ordering deposition to take place in Guam, as opposed to Japan, to "avoid[ ] the costs of using the consular facilities in Japan"). When one adds travel costs for American-based attorneys on both sides of this case to travel to

---

[1] Because Japan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, depositions in Japan must be done in accordance with the terms of the United States-Japan Consular Convention and Protocol Treaty. This treaty imposes costly duties upon the parties, including reserving a room at the United States Embassy or at a consular office, which alone costs over $1000.

Japan, the effect of the cost factor only increases. *See Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 338 (N.D. Ind. 2000) ("designating Chicago, or Northwest Indiana as the site of the depositions would substantially decrease the travel costs of counsel on both sides of this litigation"). Therefore, the Magistrate Judge's conclusion that the cost factor weighed in favor of denying the protective order was not contrary to law.

Neither was his conclusion as to the convenience factor. It is clear that California is a more convenient location for the attorneys involved in this case, both in terms of travel and avoiding extra procedural requirements of conducting a deposition on foreign soil.[2] As such, this must be weighed against any inconvenience to the deponent, Mr. Matsumoto, in having to travel from his home country of Japan to California. *MEMC Elec. Materials v. Balakrishnan*, 2012 WL 1606053, at *3 (S.D. Ohio May 8, 2012) (citations omitted). SMC argues that forcing Mr. Matsumoto to travel to California will impose a significant hardship and disruption to him and SMC, as he works in a supervisory capacity and provides direction to employees on a daily basis. As such, Mr. Matsumoto will lose approximately two business weeks due to preparation, travel, attending the deposition, and adjusting to time zone differences on both ends of the trip. The Magistrate Judge rejected SMC's assertions that the inconvenience to Mr. Matsumoto would be as great as SMC argues it will be, as Mr. Matsumoto could make use of telephonic and electronic communications while away to keep up with at least some of his work responsibilities. Further, the argument as to Mr. Matsumoto requiring extra time to adjust to time zone changes was

---

[2] The Magistrate Judge's order chronicles the difficulties of both (1) preparing for and (2) conducting a deposition in Japan. (DN 135, at 12–14.) SMC argues that these procedures are not so onerous as to require the deposition be conducted outside of Japan. However, these burdens have been noted by other courts and found to be a persuasive reason for requiring depositions to be conducted in the United States as opposed to Japan. *See In re Vitamin Antitrust Litigation*, 2001 WL 35814436, at *5 (D.D.C. Sep. 11, 2001). Thus, while not dispositive, these burdens were properly considered by the Magistrate Judge.

rejected as being not fully credible. Thus, the Magistrate Judge found that the convenience factor also weighed in favor of denying a protective order.

This conclusion was not contrary to law. Because a deposition in Japan would be inconvenient for all attorneys involved, SMC must show that any inconvenience to Mr. Matsumoto is so great so as to tip the balance of this factor in its favor. However, the Magistrate Judge was not incorrect to take issue with some of SMC's arguments in favor of granting a protective order, including that Mr. Matsumoto would miss two business weeks if a deposition were held in California and that he would require sufficient time to adjust to time zone changes on each end of his trip. Other courts have taken issue with similar arguments and rejected them. *See New Medium Tech. LLC v. Barco N.V.*, 242 F.R.D. 460, 462 (N.D. Ill. 2007) ("Indeed, if one were to accept Toshiba's description [of the adjustment to a different time zone for deponent], the jet lag bordered on debilitating"). And when courts have granted protective orders to prevent deponents from having to travel, there has been a more specific showing by the party seeking a protective order as to why travel would harm the interests of the deponent and the corporation they represent. *See Chris-Craft Indus. Products, Inc. v. Kuraray Co., Ltd.,* 184 F.R.D. 605, 607–08 (N.D. Ill. 1999) (granting protective order to require deposition to take place in Japan, as deponents were corporate executives who, if required to travel to United States on the noticed dates, would be required to miss the end of the fiscal year and board meetings). Thus, the Magistrate Judge's conclusion that Mr. Matsumoto is a seasoned traveler who can adequately delegate duties, communicate with employees from abroad, and would not require a lengthy amount of time to adjust to a time zone change was supported by the record and not contrary to law.

Finally, the Magistrate Judge's conclusion that the litigation efficiency factor weighed in favor of denying the protective order was not contrary to law. The order emphasizes that, if a dispute were to arise during a deposition in Japan, the Court's authority to intercede would be severely impeded both by the difference in time zones between the Court and the deposition, and the Court's diminished power to intercede in a dispute that arises on foreign soil. This factor has been recognized by many Courts as weighing heavily in favor of requiring the deposition to take place in the United States. *See New Medium Tech.*, 242 F.R.D. at 467 ("Obviously, conducting depositions in Japan, over a dozen time zones away and on the other side of the International Dateline, would severely compromise – to put it mildly – the court's ability to intervene should problems arise"); *In re Vitamin Antitrust Litigation*, 2001 WL 35814436, at *5 (D.D.C. Sep. 11, 2001) ("[I]t is not unlikely that disputes requiring judicial intervention will arise during the conduct of these depositions . . . Requiring depositions to occur in Washington, D.C., would increase the changes that such disputes could be resolved promptly"); *Custom Form Mfg., Inc.*, 196 F.R.D. at 336 ("What defendants' suggestion fails to take into consideration, however, is that if the depositions do take place in Japan, this court's authority to intervene, if it should become necessary, is compromised . . ."). While SMC argues that no such disputes have arisen during the depositions in this case, the presence of prior disputes is not a strict requirement for a court to require that a deposition take place in the United States. *See New Medium Tech.*, 242 F.R.D. at 467 ("merely because there has not been an extensive history of difficulties in this case does not mean that the inability of a court to intervene should disputes arise may be ignored in assessing the appropriate place for the taking of the 30(b)(6) deposition of a foreign party"). Thus, the Magistrate Judge's conclusion that the factor of efficiency also weighed in favor of denying the protective order was not contrary to law.

SMC further argues that the Magistrate Judge gave too much weight to SMC's prior discovery misconduct and is in effect punishing it for this misconduct by requiring the deposition to take place in California. The Court rejects this argument for two reasons. First, a court may consider the conduct of the parties in determining whether to enter a protective order. *See New Medium Tech.*, 242 F.R.D. at 467 (protective order not entered after defendant Toshiba failed to disclose the presence of two of its 30(b)(6) witnesses in United States, as court found "Toshiba's conduct favors depositions in Chicago"). And second, even if the Magistrate Judge emphasized the misconduct of SMC over other considerations, all three factors (cost, convenience, and litigation efficiency) weigh in favor of denying the protective order regardless of any misconduct by SMC, as delineated above. Thus, the Magistrate Judge's order was not contrary to law, and the objection is **OVERRULED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that defendant Suzuki Motor Corporation's objections to Magistrate Judge Brennenstuhl's Memorandum Opinion and Order entered November 21, 2017 (DN 137) are **OVERRULED**. **IT IS FURTHER ORDERED** that Suzuki Motor Corporation's motion to strike (DN 141) is **GRANTED**, and Schall's response to the objection (DN 140) is **STRICKEN FROM THE RECORD**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 3, 2018

cc: counsel of record