# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO: 4:14-CV-00074-JHM

DEREK SCHALL                                                                                           PLAINTIFF

V.

SUZUKI MOTOR OF AMERICA, INC.,
SUZUKI MOTOR CORP., and
NISSIN KOGYO CO., LTD.                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Suzuki Motor of America, Inc. ("SMAI") and Suzuki Motor Corporation's ("SMC") Motion to Exclude Plaintiff Derek Schall's expert witness, Randy Nelson. [DN 178]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Schall was injured in a motorcycle accident on July 19, 2013, in Daviess County, Kentucky. [DN 5 ¶ 39]. He alleges that the accident was caused by defects in the front brake master cylinder on the motorcycle, a 2007 Suzuki GSX-R600. [*Id.*]. He sued SMC, the manufacturer of the motorcycle; SMAI, the importer of the motorcycle; and Nissin Kogyo Co., Ltd., the manufacturer of the front brake master cylinder, alleging strict products liability and negligence. [*Id.* ¶ 41–52].

## II. STANDARD OF REVIEW

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Under Rule 702, the trial judge

acts as a gatekeeper to ensure that expert evidence is both reliable and relevant. *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 407 (6th Cir. 2006) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)).

> Parsing the language of the Rule, it is evident that a proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements. First, the witness must be qualified by "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* Third, the testimony must be reliable. *Id.*

*In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528–29 (6th Cir. 2008). "Rule 702 guides the trial court by providing general standards to assess reliability." *Id.*

In determining whether testimony is reliable, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 595 (1993). The Supreme Court identified a non-exhaustive list of factors that may help the Court in assessing the reliability of a proposed expert's opinion. These factors include: (1) whether a theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the technique has a known or potential rate of error; and (4) whether the theory or technique enjoys "general acceptance" within a "relevant scientific community." *Id.* at 592–94. This gatekeeping role is not limited to expert testimony based on scientific knowledge, but instead extends to "all 'scientific,' 'technical,' or 'other specialized' matters" within the scope of Rule 702. *Kumho Tire*, 526 U.S. at 147. Whether the Court applies these factors to assess the reliability of an expert's testimony "depend[s] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Id.* at 150 (quotation omitted). Any weakness in the underlying factual basis bears on the weight, as opposed to admissibility, of the evidence. *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 530 (citation omitted). *See also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 5633216, at *1–2 (W.D. Ky. Nov. 22, 2017).

### III. DISCUSSION

Schall retained Nelson to provide expert testimony on the "operation, maintenance, and repair of motorcycles." [DN 245 at 4]. Defendants request that the Court exclude Nelson's opinions, and the Court addresses each group of challenges below. [DN 178 at 1].

**A. Nelson's Opinions about Defendants' Corporate Knowledge and Conduct**

Nelson explained that the brake failure related to the defect at issue is likely being underreported because "[m]any riders and dealers likely attributed the decrease breaking pressure to air in the brake lines, rather than a chemical reaction generating hydrogen gas." [DN 178-23 at 2]. He opines that "Suzuki was well aware of this confusion and misperception in the industry, but from the documents intentionally failed to provide information to its dealers and riders about the brake problems it was experiencing in order to be able to hide the issue from [National Highway Traffic Safety Administration] and its dealers." [*Id.*]. He also opines that "Suzuki's practice of telling the riding public their complaints of loss of brake pressure were related to maintenance issues for not changing brake hoses or brake fluid is criminal and constitutes a fraud upon the general public." [*Id.*] Defendants argue that Nelson's opinions are not proper expert testimony because they are legal conclusions. [DN 178 at 10–11].

"Courts have typically barred expert opinions or testimony concerning a corporation's state of mind, subjective motivation, or intent. In general, courts have found that this type of 'testimony is improper . . . because it describes 'lay matters which a jury is capable of understanding and deciding without the expert's help.'" *In re E.I. du Pont Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 718 (S.D. Ohio 2016) (citations omitted); *see In re Heparin Prod. Liab. Litig.*, MDL No. 1953, 2011 WL 1059660, at *6, *8 (N.D. Ohio March 21, 2011) (finding that an expert could not testify about the "knowledge, motivations, intent or purposes of Defendants or their employees" nor could an expert "testify concerning the state of mind, intent, knowledge, purposes, or motivations of

Defendants, its employees, or the FDA"). Nelson cannot testify to whether Defendants "intentionally" failed to provide the information and whether they were "hiding" the issue from the National Highway Traffic Safety Administration ("NHTSA") because it is an opinion about Defendants' intent and state of mind. *See In re Heparin Prod. Liab. Litig.*, 2011 WL 1059660, at *6, *8 (finding that experts could not testify about the intent of Defendants).

However, the Court disagrees with Defendants' contention that Nelson speculates as to Defendants' state of mind, motivation, or intent when he opines about Defendants' awareness of the potential for the brake issue to be underreported and failure to provide information to dealers and riders. Nelson can testify about Defendants' awareness of the confusion in the industry regarding reporting the brake issue and whether Defendants failed to provide the information to riders and dealers. *In re Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.*, 816 F. Supp. 2d 442, 459 (W.D. Ky. 2011) (permitting expert testimony regarding "what Yamaha knew and when"); *see also Tillman v. C.R. Bard, Inc.*, 96 F. Supp. 3d 1307, 1333 (M.D. Fla. 2015) ("[T]o the extent [an expert] merely discusses what information was available and possessed by [the defendant] prior to [the] procedure, this testimony is helpful and relevant to determining whether [the defendant] acted reasonably and does not improperly comment on [the defendant's] 'state of mind.'").

Also, Nelson may not opine that Suzuki's conduct was criminal and fraudulent. District courts have a "wide, but not unlimited, degree of discretion in admitting or excluding testimony that arguably contains a legal conclusion." *U.S. v. Volkman*, 797 F.3d 377, 388 (6th Cir. 2015) (citation and internal quotation marks omitted). "An opinion is not objectionable just because it embraces an ultimate issue." FED R. EVID. 704. However, "testimony offering nothing more than a legal conclusion—i.e., testimony that does little more than tell the jury what result to reach—is properly excludable under the Rules.*" Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) (citation omitted).

In his deposition, Nelson says that he uses the term criminal "from a lay point of view . . . ." [DN 245-9 Nelson Dep. 63:3–17]. But testimony is a legal conclusion if "the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular." *Volkman*, 797 F.3d at 388. Nelson's opinion that Defendants' conduct was criminal and fraudulent are improper legal conclusions because these terms have a separate, distinct and specialized meaning in the law. Additionally, Nelson's description of Defendants' conduct as criminal and fraudulent is advocacy. *See Hayes v. MTD Prods., Inc.*, 518 F. Supp. 2d 898, 901 (W.D. Ky. 2007) ("[Expert's] proposed report reads less like an expert's unbiased assessment and more like counsel's closing argument."). Even if it were proper expert opinion testimony, Nelson's unnecessary inflammatory opinion about whether Defendants' behavior was criminal or fraudulent is not relevant to any issue that the jury must decide here. *See id.* ("[Expert's] opinions are also in parts unduly inflammatory. For instance, [the expert] posits, 'had the company eschewed subterfuge, and instead confronted legitimate risk concerns and engaged in what it knew to be responsible corporate conduct,' the accident could have been avoided.").

**B. Nelson's Opinions about Defendants' Legal Obligations**

Defendants argue that Nelson does not have the requisite knowledge to opine that "any reasonably prudent manufacturer who becomes aware of a defect in a motorcycle brake has a duty to promptly disclose the defect and warn the riders of the issue so that they can take corrective measures." [DN 178-23 at 3]. For non-scientific expert testimony, "experience alone—or experience in conjunction with other knowledge, skill, training, or education may be sufficient to qualify an expert. When a witness relies primarily on his or her experience, the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Childress v. Ky. Oaks Mall Co.*, No.

5:06CV-54-R, 2007 WL 2772299, at *3 (W.D. Ky. Sept. 20, 2007) (citation and internal citation omitted).

Nelson said at his deposition that he is not familiar with motorcycle manufacturers and distributors' obligations in the United States regarding reporting customer complaints. [DN 245-9 Nelson Dep. 47:9–20]. Nelson does not have the necessary qualifications to give his opinion because of his lack of knowledge of the obligations of manufacturers and distributors, and Schall has not met his burden of showing that Nelson is qualified to give his opinion. [*Id.*; DN 178-22]. As such, Nelson is not qualified to opine about a manufacturer's obligations when facing a product defect.

Nelson also opines that "loss of front brake pressure . . . is an extremely dangerous condition and a significant safety hazard." [DN 178-23 at 2]. He also says that Suzuki's position "that generation of hydrogen gas in a motorcycle braking system . . . is not a safety hazard is absurd . . . . Any reduction in brake pressure on a motorcycle is a critical safety issue . . . ." [*Id.* at 3]. Defendants assert that these opinions are also not within Nelson's expertise because "safety issue" is a legal term of art under the Transportation Recall Enhancement, Accountability and Documentation ("TREAD") Act.[1] [DN 178 at 16]. It is reasonable for Nelson, who has decades of experience servicing and riding motorcycles, to opine about whether the master cylinder issue is a safety hazard for riders. [DN 178-22]; *First Tenn. Bank Nat. Ass'n v. Barreto*, 268 F.3d 319, 335 (6th Cir. 2001) (finding that an expert's testimony that derived largely from his practical experience was both reliable and relevant). To the extent that Nelson should testify that the master cylinder issue was a safety issue under the TREAD Act, that is an improper opinion because Nelson is not familiar with the TREAD Act nor can he give legal opinions. [DN 245-9 Nelson Dep. 47:14–20]; *Cowden v. BNSF Ry. Co.* No. 4:08CV01534 ERW, 2010 WL 3306889, at *4 (E.D. Mo. Aug. 19, 2010) ("[Expert] may still opine

---

[1] The TREAD Act requires, in part, the NHTSA to collect manufacturers' safety data for the purposes of early identification of safety defect trends. 49 U.S.C. § 301669(m).

6

on ultimate issues such as whether Defendant acted prudently or provided Plaintiff with a reasonably safe work environment, so long as his opinions do not extend to whether Defendant's conduct actually violated certain laws or regulations."), *aff'd in part, rev'd in part*, 690 F.3d 884 (8th Cir. 2012); *see Johnson v. Avco Corp.,* 702 F. Supp. 2d 1093, 1109–10 (E.D. Mo. 2010) (Expert "may discuss the evidence indicating that Swan had not sufficiently practiced night landings and he may discuss the requirements outlined in the regulations, but he may not opine about whether Swan in fact violated the regulations.").

## C. Nelson's Opinions about Rider Experience

Nelson opines "as an expert in human factors and motorcycle rider reactions that the brake pressure testing performed by Suzuki is defective and of little value." [DN 178-23 at 2]. However, in his deposition, Nelson said that he is not a human factors expert. [DN 245-9 Nelson Dep. 49:7–18]. He said, "I would say I don't have any . . . educational expertise in human factors." [*Id.* at 15:12–14]. Defendants take issue with Nelson's characterization of his opinions as human factors opinions because he is not qualified to give a human factors opinion, his opinions are purely speculative, and they are unhelpful to the trier of fact. [DN 178 at 17].

In some instances, a degree in a field tangentially related to human factors such as psychology or engineering can qualify an expert to testify in the field of human factors. *Fedor v. Freightliner, Inc.*, 193 F. Supp. 2d 820, 827 (E.D. Pa. 2002) (citations omitted); *see Garrity v. Wal-Mart Stores E., Ltd. P'ship*, 288 F.R.D. 395, 400 (W.D. Ky. 2012) ("[t]he Court finds that while [the expert] holds degrees in mechanical engineering, as opposed to in human factors, he is qualified to offer opinions on such matters."). Schall may not qualify Nelson as a human factors expert. Nelson does not even have a degree in a field tangentially related to human factors. Furthermore, Nelson admits that he is not an expert in human factors by education or training. *Burgett v. Troy-Bilt LLC*, 579 F. App'x 372, 377 (6th Cir. 2014) (finding the district court did not abuse its discretion in holding that an expert was

7

not qualified to give expert testimony in human factors where "[p]laintiffs concede that [the expert] has admitted that he is *not* an expert in . . . human factors—either by education or training").

Notwithstanding, based on Nelson's experience, he can provide opinions from a "[motorcycle] rider's point of view." [DN 245-9 Nelson Dep. 15:14–21]. So, Nelson can offer his opinions on whether a motorcycle rider would notice the defect, the rider's experience, and rider's understanding of regularly changing the brake fluid based on his extensive experience in riding and servicing motorcycles. *First Tenn. Bank Nat. Ass'n*, 268 F.3d at 335 (finding that an expert's testimony that derived largely from his practical experience was both reliable and relevant).

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Exclude the testimony of Nelson [DN 178] is **GRANTED in part and DENIED in part** consistent with this opinion.

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

March 12, 2020

cc: counsel of record